{¶ 53} The crux of the appeal sub judice is whether the Director of the Ohio Department of Agriculture has the authority to impose a fine on the owner of an amusement ride company where there is a violation of Ohio Adm. Code 902:9-1-03, without regard to any fault of said owner. As I reach a conclusion which differs from my colleagues, I must respectfully dissent.
 {¶ 54} Ohio Adm. Code 901:9-1-03 states in relevant part:
 {¶ 55} "No person shall * * * operate or cause to be operated an amusement ride or device * * * under any of the following conditions:
 {¶ 56} "* * *
 {¶ 57} "(E) When any employee or operator appears to be impaired due to the influence of alcohol, drugs or is fatigued."
 {¶ 58} Clearly the operator of an amusement ride is subject to strict liability (no person shall operate an amusement ride while impaired). The rule does not, however, impose strict liability upon theowner of an amusement ride. Instead of stating "no person shall operate or have a person operate," etc., the aforementioned rule adds the element of causation with regard to the owner (i.e. no person shall cause to be operated).
 {¶ 59} "Cause" has been defined as: "Something that produces an effect or result." Black's Law Dictionary (7th Ed. 1999) 212. Here, the result which is the subject of the prohibition, is operating an amusement ride while impaired. To "cause" that prohibited activity, it seems apparent to me that one must have some fault or some knowledge, especially when the prohibited activity was committed by a different person.
 {¶ 60} Here, even the State of Ohio acknowledged that the amusement ride owner was blameless in the sense that there was no negligence or fault on their part. As stated by the hearing officer for the Department of Agriculture, "The employer clearly acted responsibly in this situation and there really are no additional reasonable steps which it should have taken to ensure the sobriety of its employee."
 {¶ 61} Therefore, I can see no reason why appellant amusement company could be found to cause the operation of an amusement ride while the operator was impaired by alcohol. Indeed, punishment for someone who acted "responsibly" is probably counterproductive to the furtherance of sound public policy as it gives no real incentive to conduct amusement rides in a responsible manner.
 {¶ 62} In conclusion, I would hold that Ohio Adm. Code 901:9-1-03, by its own wording, imposes strict liability upon the operator of an amusement ride, and imposes liability upon the owner of an amusement ride only upon a showing of negligence, fault, or some other wrongdoing. As the trial court reached the correct result as a matter of law, I would affirm its decision.